**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-10-CR-049 LY** |
| | § | |
| **ANDREA KAY FARMER** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on May 10, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On August 28, 2007, the Defendant was sentenced by Judge Leonard Davis of the Eastern District of Texas, to 28 months of imprisonment and three years of supervised release for conspiracy to possess stolen mail, in violation of 18 U.S.C. § 371. The Defendant's supervision commenced on January 30, 2009.

As a result of tests demonstrating that the Defendant was using methamphetamine, the Defendant's conditions were modified in January 2010 to require a six month stay at a halfway house; jurisdiction was transferred to Judge Yeakel on January 25, 2010. The Defendant's residence

at the halfway house commenced on February 5, 2010. The Defendant's participation in substance abuse treatment also continued during this time. On March 2, 2010, the Defendant was scheduled to provide a urine specimen at the treatment center. She was driven there by her employer, but when she was unable to provide a sample, she drove away from the center in her employer's vehicle, which violated the rules of the halfway house (residents are prohibited from having or driving a vehicle). When confronted about this, the Defendant denied that she had driven, and further had her employer attempt to lie about it as well.

Then on March 31, 2010, the Defendant left the McCabe Center after she had an altercation with another resident of the center, allegedly as a result of what appeared to be a false claim by the Defendant to the other resident's probation officer that the other resident was in possession of drugs. The altercation was apparently relatively minor, and the center did not discontinue the Defendant's stay as a result. Nevertheless, the Defendant chose to leave the center. The probation office then submitted its petition, alleging that the Defendant had violated her conditions and the undersigned ordered the issuance of a warrant on April 13, 2010. The Defendant was arrested on that warrant on May 3, 2010.

On May 10, 2010, the Defendant and her attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against her.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against her.

2. The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charge against her or the consequences of her plea.

3. The Defendant received a copy of the Petition naming her, and she read it.

4. The Defendant understood the Petition and the charges against her and had the opportunity to discuss the Petition and charges with her attorney.

5. The Defendant waived her preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of her statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of her supervised release by: (1) failing to provide a urine sample on March 2, 2010; and (2) being discharged from the McCabe Center prior to completing her court-ordered 180 day stay.

III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.  The most serious violation is a Grade C, and the Defendant's criminal history category is V, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment.  The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to 6 months of imprisonment, with 18 months of supervised release to follow.  It is FURTHER RECOMMENDED that the Defendant's conditions of supervision be modified to include the following condition:

1. The defendant shall submit to a mental health evaluation and participate in any counseling for anger management directed by the probation officer.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

    SIGNED this 13th day of May, 2010.

                                          _____
                                          ANDREW W. AUSTIN
                                          UNITED STATES MAGISTRATE JUDGE