IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-10-CR-049 LY |
| | § | |
| ANDREA KAY FARMER | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on January 20, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On August 28, 2007, the Defendant was sentenced by Judge Leonard Davis of the Eastern District of Texas, to 28 months of imprisonment and three years of supervised release for conspiracy to possess stolen mail, in violation of 18 U.S.C. § 371. The Defendant's supervision commenced on January 30, 2009. As set out in a Report and Recommendation of the undersigned entered on May 13, 2010, and Judge Yeakel's order adopting that recommendation, that term of supervision was revoked on May 17, 2010, and Farmer was sentenced to six months of imprisonment, and 18 months of additional supervision. The new term of supervision commenced on November 2, 2010.

Unfortunately, it did not take Farmer long to again encounter problems with complying with the terms of her supervision. First, on December 20, 2010, Farmer provided a urine specimen that tested positive for methamphetamine. Then, when the probation officer conducted a home visit on December 23, 2010, she learned that roughly two weeks earlier Farmer had left the sober house she had arranged to live in, and Farmer had not notified the officer that she was changing her residence. She also failed to submit urine specimens as required on December 27, 2010, and January 5, 2011, and failed on December 28, 2010, to attend the initial counseling session for the dual diagnosis counseling the probation office directed she participate in. She also failed to report to the probation office as required on January 5, 2011. Farmer did report on January 10, 2011, however, and admitted that she had not reported on January 5 because she was avoiding the probation officer. In her written report, Farmer disclosed that she had been arrested on January 3, 2011, on outstanding warrants from Burnet County, for theft by check cases that predate Farmer's supervision. Farmer did not report this contact with law enforcement within 72 hours as required by her conditions. Finally, Farmer was riding with David Fulcher at the time of this arrest, and a records check reflects that Fulcher is a convicted felon.

Based on all of this, on January 12, 2011, the probation office submitted its petition, alleging that the Defendant had violated her conditions. The undersigned ordered the issuance of a warrant that same day, and the Defendant was arrested on that warrant on January 13, 2011. On January 20, 2011, the Defendant and her attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C.

§ 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against her.

## II. FINDINGS OF THE COURT

1.  The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against her.

2.  The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charge against her or the consequences of her plea.

3.  The Defendant received a copy of the Petition naming her, and she read it.

4.  The Defendant understood the Petition and the charges against her and had the opportunity to discuss the Petition and charges with her attorney.

5.  The Defendant waived her preliminary hearing.

6.  The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7.  The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.  The Government gave a summary of the evidence against the Defendant, the material elements of which the Defendant did not object to.

9.  The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of her statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of her supervised release by: (1) testing positive for use of methamphetamine; (2) failing to provide a urine samples on two occasions; (3) failing to

report to the probation office on January 5, 2011; (4) failing to report a change in her residence; (5) failing to report contact with law enforcement within 72 hours; and (6) failing to attend counseling as directed.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is V, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment. The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to 7 months of imprisonment, with no supervised release to follow.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of January, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE